**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wake Up And Ball, LLC, | No. CV14-02403-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Sony Music Entertainment, et al., | |
| Defendants. | |

Defendants Deepfreeze Entertainment LLC and Robert Carr have filed a motion to dismiss for insufficient service of process and failure to join a required party. Doc. 22. Plaintiff Wake Up and Ball LLC has responded and requested sanctions and attorney's fees. Doc. 27. The Court will deny Defendants' motion and Plaintiff's request.

**I.   Service of Process.**

Plaintiff is required to execute service of process on each Defendant within 120 days of naming them in a complaint. Fed. R. Civ. P. 4(m). Plaintiff named Deepfreeze as a defendant in its complaint dated October 28, 2014, and Robert Carr as a defendant in an amended complaint dated December 19, 2014. Docs. 1, 8. Service of process for Deepfreeze was due by February 25, 2015, and service of process for Defendant Carr was due by April 20, 2015. Plaintiff did not serve Deepfreeze and Carr by these deadlines, and Defendants argue that they should be dismissed for that reason.

Under Rule 4(m), if a plaintiff shows good cause for failure to serve within 120 days, the Court must extend the time period. Fed. R. Civ. P. 4(m); *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "'At a minimum, good cause means excusable neglect.' . . . [A] plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" *In re Sheehan*, 253 F.3d at 512 (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). If a plaintiff does not show good cause for his failure to serve, the Court has discretion to dismiss without prejudice or to extend the time period. *Id.*

According to an affidavit submitted by Plaintiff's counsel, Plaintiff has attempted on numerous occasions to serve both Defendants. Doc. 28. Additionally, Plaintiff's counsel states that he has had difficulty finding the proper address for these Defendants, persons at different addresses have refused service, and Defendants' counsel has been uncooperative in furnishing the appropriate addresses. *Id.* These facts show good cause for Plaintiff's failure to serve. Furthermore, Defendants have received notice of this lawsuit (as evidenced by this motion to dismiss), Defendants have not identified any prejudice they would suffer by extending the deadline for service, and Plaintiff would clearly be prejudiced if the complaint were dismissed. Finding good cause for Plaintiff's failure to serve, the Court will extend the deadline for service on these Defendants to May 15, 2015.

Defendants also move to dismiss for failure to join a required party. Defendants appear to argue that because they are indispensable parties that should be dismissed for insufficient service of process, the entire lawsuit should be dismissed. Since the Court is extending the deadline for service of process, the Court finds it unnecessary to address this argument.

Finally, Plaintiff asks the Court to deem defense counsel's receipt of Plaintiff's second amendment complaint through the Court's electronic case filing system as sufficient service of process on Defendant Carr. Plaintiff does not cite authority to support this request. The Supreme Court has instructed that "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Accordingly, the Court may not exercise jurisdiction over Defendant Carr until he has been properly served or waived service.[1]

## II. Request for Sanctions & Attorneys' Fees.

Plaintiff requests attorneys' fees and that Defendants' counsel be sanctioned. Plaintiff has not identified the rule or statute under which it is entitled to attorney's fees and sanctions. The Court assumes that Plaintiff makes this request under Rule 11. Plaintiff, however, has not complied with the procedural requirements of Rule 11:

> The 1993 Amendments to Rule 11 . . . place stringent notice and filing requirements on parties seeking sanctions. When Rule 11 sanctions are initiated by motion of a party, that motion must be separate "from other motions or requests" and must "describe the specific conduct alleged to violate" Rule 11(b). In addition, the Rule's safe harbor provision requires parties filing such motions to give the opposing party 21 days first to "withdraw or otherwise correct" the offending paper. We enforce this safe harbor provision strictly.

*Holgate v. Baldwin*, 425 F.3d 671, 677-78 (9th Cir. 2005) (quoting Fed. R. Civ. P. 11(c)); *see also Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (recognizing that compliance with the safe-harbor provision is "mandatory"). Plaintiff's request for sanctions was not filed as a separate motion, nor did Plaintiff give Defendants twenty-one days to "withdraw or otherwise correct" the offending paper.

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Doc. 22) is **denied.**

2. The deadline for serving Defendants Deepfreeze Entertainment LLC and

---

[1] Plaintiff has submitted evidence that it served Deepfreeze on March 12, 2015. Doc. 28-1 at 38. Plaintiff must file proof of this service with the Clerk's office.

1 | Robert Carr is extended to **May 15, 2015.**

2 | 3. Plaintiff's request for sanctions and attorney's fees (Doc. 27) is **denied.**

3 | Dated this 16th day of April, 2015.

David G. Campbell
United States District Judge